# UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

DEC 16 2015    3:05

Stephan Harris, Clerk
Cheyenne

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MANDY STEVENS,
aka Amanda Stevens,
aka Brandy Stevens,

    Defendant.

**CRIMINAL COMPLAINT**

Case Number: 15-MJ-101-J

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief.

On or about February 18, 2015, in the District of Wyoming, the Defendant, **MANDY STEVENS, aka Amanda Stevens, aka Brandy Stevens,** did knowingly, willfully, and unlawfully travel in interstate commerce from Albany County, in the District of Wyoming, with intent to avoid prosecution under the laws of the State of Wyoming for the crimes of Conspiracy to Commit Theft and Accessory Before the Fact to Theft, both of which are felonies.

In violation of 18 U.S.C. § 1073.

I further state that I am a Special Agent with the Federal Bureau of Investigation and that this complaint is based on the following facts:

(See attached Sworn Statement)

Continued on the attached sheet and made a part hereof.

Signature of Complainant
JOHN LYNCH

Sworn to before me and subscribed in my presence,

12/16/15   at   Cheyenne, Wyoming
Date            City and State

HON. KELLY H. RANKIN
Chief Judge, United States Magistrate Court
Name & Title of Judicial Officer

Signature of Judicial Officer

## SWORN STATEMENT IN SUPPORT OF CRIMINAL COMPLAINT
## SPECIAL AGENT JOHN LYNCH
## U.S. V. MANDY STEVENS, AMANDA STEVENS, BRANDY STEVENS

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about February 18, 2015, in the District of Wyoming, the Defendant Mandy Stevens, also known as Amanda Stevens and Brandy Stevens; did knowingly, willfully, and unlawfully travel in interstate commerce from Albany County, in the District of Wyoming, with intent to avoid prosecution under the laws of the State of Wyoming for the crimes of Conspiracy to Commit Theft and Accessory Before the Fact to Commit Theft, both of which are felonies.

1. I am a Special Agent of the Federal Bureau of Investigation (FBI), assigned to the Cheyenne, Wyoming Resident Agency of the FBI. I have been an FBI agent for approximately thirty years. The information set forth in this affidavit is known to me as a result of information provided to me by Detective Matthew Leibovitz of the Laramie, Wyoming Police Department, other law enforcement officers and analysts throughout the United States and my own investigation. The facts are set forth in the remainder of this affidavit, and they will show that Mandy Stevens did unlawfully flee the State of Wyoming to avoid prosecution. I have not included all known facts from this investigation, only those sufficient to support probable cause for the complaint charging unlawful flight to avoid prosecution.

2. On January 23, 2014, the Oklahoma City Division of the FBI issued a Situational Information Report (SIR) to advise law enforcement of an interstate theft crew targeting Asian restaurants in Oklahoma and Arkansas between November 2012 and January 2013. The crew, consisting of several females and a sole male, operated as a

cohesive unit to distract, steal cash and personal belongings, and depart the restaurants within minutes. The crew was believed to be targeting Asian restaurants along interstate corridors. Danny Nicholas was identified as the likely decision maker of the group.

3. FBI Supervisory Special Agent Mark Knoll, formerly an agent with the FBI's Oklahoma City Division, advised on or about April 7, 2015 that he had this SIR distributed to law enforcement to identify other similar incidents throughout the United States. Due to the extremely well organized nature of the thefts, Knoll felt it was likely the crew had done similar thefts elsewhere. Knoll also had access to intelligence indicating Danny Nicholas was traveling throughout the United States on interstate corridors and that he had engaged in substantial high dollar cash transactions during those travels.

4. On February 18, 2015, the Laramie, Wyoming Police Department responded to a theft at the Peking Chinese Restaurant located at 1665 North 3rd Street, Laramie, Albany County, Wyoming. The Laramie Police Department investigation determined a group of six subjects, five females and one sole male, had executed this theft in a well-orchestrated distraction/diversion type manner that took approximately three to four minutes. The loss to the Peking Chinese Restaurant was $6,000 to $7,000 cash. Through a review of video surveillance and police reports, Detective Leibovitz determined one of the women involved in the theft (Female #5) was approximately twenty to thirty years old, average height, slender with white or olive skin tone, short shoulder length hair resembling a "bowl cut" and fashionably dressed. From video surveillance, it appeared Female #5's primary role in the theft was to position herself

2

between the business owner and the criminal activity in progress and to act as a look out during the theft.

5.  Due to the fact that this well-orchestrated criminal act was so successful in such a short period of time, Laramie Police Department Detective Matthew Leibovitz believed this group had committed criminal acts in this manner previously. While researching similar incidents, he obtained a copy of the previously described FBI SIR on March 16, 2015. He concluded that the Laramie, WY theft had been conducted by the same theft crew and Danny Nicholas, in particular, as described in the SIR for the following reasons. Detective Leibovitz' visual comparison of the surveillance stills contained within the SIR with those from the Laramie incident clearly showed many of the same people were involved. Leibovitz concluded the male in the SIR (Danny Nicholas) and three of the females depicted in the SIR also participated in the Laramie, Wyoming theft. Detective Leibovitz also determined the modus operandi described in the SIR was consistent with the incident in Laramie, Wyoming. In the incidents described in the SIR and the Laramie incident, subjects entered an Asian-owned or themed establishment, encircled the owner or employees of the establishment and asked consecutive questions distracting this individual. This group then inquired about accommodations for a large group while others acted as lookouts. During a tour of the establishments, individuals in the group broke off and stole cash and personal belongings from behind the counter or business offices.

6.  Detective Leibovitz, assisted by me and other law enforcement personnel, researched similar thefts by Danny Nicholas and his crew throughout the United States between February 18, 2015 and the present time. Detective Leibovitz determined, based

on similarity of modus operandi and/or video coverage that Danny Nicholas and his theft crew appeared to be responsible for twenty-six thefts at Asian owned or themed restaurants or nail salons in eleven different states between September 2011 and July 2015. The loss from these thefts exceeded $150,000. In instances where video coverage was available, Danny Nicholas was consistently present at these thefts. Several of the females from the Laramie, WY theft were also consistently observed in video surveillance of these other thefts. Female #5, however, was only observed in the Laramie, WY theft.

7. On March 26, 2015 Detective Leibovitz requested the Wyoming Division of Criminal Investigation (DCI) run an in-depth query of Danny Nicholas' pawn transactions through LeadsOnline since January 1, 2012. Detective Leibovitz subsequently learned that Danny Nicholas had approximately 331 pawn transactions which were reported to LeadsOnline between the dates of January 2, 2012 and February 16, 2015. From these pawns, Danny Nicholas received approximately $173,910.01 in U.S. Currency.

8. From this LeadsOnline report, Detective Leibovitz learned Danny Nicholas was present for a pawn transaction on February 16, 2015 at the EZ PAWN Store, 955 Sheridan Blvd. Lakewood, Colorado 80214. He noted this put him in the vicinity of the Laramie theft (two hours south by interstate) two days before the Laramie, WY theft.

9. Subsequent investigation by Detective Leibovitz learned that Danny Nicholas had provided his full name, date-of-birth, Arizona Identification card (Driver's License with photograph) number D04797427, physical description and telephone

number (714) 249-3804 to the EZ PAWN store in addition to a digital photograph taken at the time of transaction. Detective Leibovitz noted that the digital photograph of Danny Nicholas matched the male subject, absent a wig or any other disguise, in the Laramie theft and other incidents mentioned in this affidavit. Detective Leibovitz also obtained video surveillance from EZ PAWN Store #40118 located at 955 Sheridan Blvd. Lakewood, Colorado 80214 on February 16, 2015. Upon review of this video surveillance, he determined Danny Nicholas and two females from the Laramie theft were present at the EZPawn in Lakewood, CO two days before the Laramie theft. Detective Leibovitz's review of the video from EZPawn also reflected there were two vehicles associated with the above individuals, one of which was a larger older model (2000 to 2006) SUV, possibly a Chevrolet Tahoe or similar.

10.     On June 10, 2015 Detective Leibovitz completed a search warrant for the T-MOBILE USA, Inc. records for phone number (714) 249-3804, which is the telephone number Danny Nicholas provided to the EZPawn in Lakewood, CO. On June 17, 2015 Detective Leibovitz received the results of this search warrant from T-Mobile. The results indicated telephone number (714) 249-3805 was still active. It was subscribed to by Danny Galven, which was similar to the name Danny Galvan, a known alias of Danny Nicholas. Through GPS coordinates associated with cellular calls originating from phone number (714) 249-3805 between February 13, 2015 and March 31, 2015 Detective Leibovitz learned the following: Repeated call records showed that the phone was used along interstate corridors in the states of Iowa, Nebraska, Colorado, Wyoming, Utah, Nevada, California and Arizona. The telephone was also in the area of the Lakewood EZ Pawn on February 16, 2015. The telephone was used to contact multiple day spas and

5

nail salons in Colorado prior to the Laramie, Wyoming incident. The telephone was used in Cheyenne, Wyoming on February 18, 2015 prior to the incident in Laramie, Wyoming. The telephone was also used in Utah on February 19, 2015, which is the day after the incident in Laramie, Wyoming. Cheyenne, Laramie and the locations in Utah all lay along Interstate 80. Detective Leibovitz concluded the telephone likely passed through Laramie, WY during the time of the Laramie theft and then continued to Utah along Interstate 80.

11. On July 9, 2015, Detective Leibovitz received a police report from the Sandy Springs, GA Police Department concerning a 2013 traffic stop of a vehicle, which contained Danny Nicholas and seven members of his family. The Sandy Springs Police Department determined the vehicle contained twenty grams of marijuana and $22,338 in U.S. currency. During the course of the Sandy Springs Police Department investigation, that department took numerous photographs and identified several members of the family. Several of the family members in the photographs were identified by Detective Leibovitz as being identical to other participants in the Laramie, WY theft and other thefts.

12. One family member in the photographs was later determined to be Ginger Ephrim, also known as Ginger Nicholas, the granddaughter of Nancy Nicholas. By viewing the photographs from the Sandy Springs Police Department investigation, Detective Leibovitz concluded that Ginger Ephrim was a participant in the Laramie, WY theft. On July 23, 2015, DCI Senior Intelligence Analyst Claire Ley advised Ginger Ephrim was arrested for shoplifting/retail theft on February 19, 2015 in Midvale, UT. This is one day after the Laramie theft and along the I-80 corridor where Nicholas'

telephone was known to have traveled at the same time. Detective Leibovitz learned that Ginger Ephrim provided the Salt Lake County Jail with telephone number (602) 423-9377 during her incarceration. Detective Leibovitz reviewed his search warrant records for Danny Nicholas's telephone (714) 249-3804 and determined a call was placed from that number to Ginger Ephrim's telephone at 2139 hours on February 19, 2015. The GPS coordinates for this telephone call indicated it was placed from Midvale, UT.

13. Detective Leibovitz's review of the police records from the February 19, 2015 shoplifting incident in Midvale, UT reflected that Mandy Stevens with a birth year of 1985 was also involved in that incident. Detective Leibovitz reviewed the video surveillance from the shoplifting incident. He observed that Mandy Stevens appeared to be Female #5, absent a wig, in the Laramie, WY Chinese restaurant theft on February 18, 2015. His observation was based upon facial features and body size/stature.

14. On July 20, 2015, Detective Leibovitz received a Unified Police Department of Greater Salt Lake accident report from DCI. The accident report indicated there was an accident on February 21, 2015 (three days after the Laramie, WY theft) at 4244 South State Street, Salt Lake City, UT. The suspect vehicle in the accident was a 2004 gray Chevrolet Tahoe registered to Mandy Stevens. Detective Leibovitz noted this vehicle matched the one observed in the video surveillance at the EZPawn in Lakewood, CO on February 16, 2015. In the accident report, the driver was identified as Mandy Stevens with Arizona driver's license #D09087312. A passenger in this vehicle was identified as Chrisy Rossy, which is similar to the name Crissy Ross (a known alias of co-conspirator Pearl Yonko). The telephone number provided by Chrisy Rossy to law enforcement following the accident was (480) 773-5742. Detective Leibovitz noted

7

search warrant results for Danny Nicholas' telephone number (714) 249-3804 showed multiple calls taking place between the two numbers.

15.    On August 4, 2015, Detective Leibovitz and I learned of a distraction/diversion theft turned robbery of an Asian restaurant in Mount Dora, FL that had occurred several days earlier on July 29, 2015. During this theft, Danny Nicholas and several of his family were caught in the act of stealing by the restaurant owners and employees. A physical altercation occurred between a co-conspirator and a pregnant female employee while Danny Nicholas and his family were attempting to escape. The restaurant owners/employees chased Danny Nicholas and his co-conspirators toward a waiting rental escape vehicle with false license plates. Off duty law enforcement officers observed the chase and arrested Danny Nicholas and others as they were attempting to escape. After being charged, Danny Nicholas and others were released on bond because authorities in Mount Dora, Florida had not yet connected them to the larger national scheme.

16.    On August 5, 2015, Detective Leibovitz traveled to Mount Dora and Orlando, Florida to further this investigation. In cooperation with local and federal law enforcement, Detective Leibovitz assisted in attempting to locate Danny Nicholas for the purpose of facilitating his arrest by those agencies. Detective Leibovitz was able to establish communication with Danny Nicholas via telephone. Upon doing so, Danny Nicholas hung up the phone and failed to meet with Detective Leibovitz as requested. Based on surveillance and additional intelligence, Detective Leibovitz' investigation determined that Danny Nicholas and additional co-conspirators fled while he was in Florida.

17. While in Florida, Detective Leibovitz interviewed Eddie Day, who is the brother of Danny Nicholas. Day said he had been to Los Angeles, Chicago and Denver. Detective Leibovitz noted this was consistent with the GPS coordinates on the respective tolls for the telephone used by Danny Nicholas. Eddie Day identified Danny Nicholas as the male wearing a wig from a still image of the February 18, 2015 Laramie, Wyoming theft. Eddie admitted to traveling with his family when they committed thefts of Chinese restaurants but shortly thereafter said he did not remember Chinese restaurants.

18. On or about September 7, 2015, Detective Leibovitz advised me he had received intelligence that the Nicholas family members who were co-conspirators had traveled to the Chicago area. The context of the intelligence led Detective Leibovitz to believe the purpose of their travels to Chicago was to avoid apprehension.

19. On September 30, 2015, Detective Leibovitz interviewed Ginger Ephrim, also known as Ginger Nicholas, under a proffer agreement in the presence of her defense attorney, prosecutors and me. Ginger Ephrim viewed still photographs from video surveillance of the Laramie, WY theft. She identified Mandy Stevens as being Female #5 in the Laramie, WY theft. Ephrim made this identification both verbally and by pointing at Female #5 in the still photographs. She said that Mandy Stevens was wearing a wig during this theft and that Mandy Stevens was a relative of the co-conspirators. Ginger Ephrim also said Danny and the other family members drove to Utah after the Laramie, WY theft. In addition, Ginger Ephrim said Mandy Stevens was with her in Utah during a shop lifting incident on the day after the Laramie, WY theft. Ephrim also viewed surveillance still photographs from the EZPawn Store in Lakewood, CO from February

16, 2015. She identified a dark colored SUV in the still photographs from the EZPawn Store as belonging to Mandy Stevens.

20. On November 23, 2015, Detective Leibovitz advised he had reviewed Arizona Department of Transportation records. Those records confirmed that Mandy Stevens is the registered owner of a gray 2004 Chevrolet Tahoe whose license plate and registration matches that of the vehicle in the accident in Utah on February 21, 2015.

21. On November 23, 2015, the Second Judicial Circuit Court, County of Albany, State of Wyoming issued an arrest warrant for Mandy Stevens for Conspiracy to Commit Theft and Accessory Before the Fact to Commit Theft. Both of these charges are felonies. The arrest warrant was issued by Circuit Court Judge Robert Castor.

22. Based on my law enforcement experience, I know individuals engaged in criminal activity often travel from place to place in order to both locate new targets and also to avoid apprehension. This is particularly true in instances where individuals are committing criminal acts in small communities, where they would be noticed easily as outsiders. It appears to me, based on my law enforcement experience, that Mandy Stevens' travel out of Wyoming after committing the February 18, 2015 theft was part of a consistent family pattern of traveling across state lines in order to avoid apprehension.

23. I have confirmed through Wyoming DCI that the warrant for Mandy Stevens arrest was entered into the National Crime Information Center (NCIC) database by the Albany County Sheriff's Office.

24. On November 24, 2015, a letter was received from Sheriff David S. O'Malley, Albany County, WY Sheriff's Office, confirming that his office holds an outstanding felony warrant for Mandy Stevens, and advising it is the intent of the Albany

County Sheriff's Office to extradite her from wherever she might be apprehended and detained in the United States. A copy of this letter is attached as Exhibit 1 and made a part of this affidavit.

25. On November 23, 2015, a certified copy of the criminal arrest warrant against Mandy Stevens was received from the Clerk of Circuit Court, Albany County. They are attached as Exhibit 2 and made a part of this affidavit.

26. On November 23, 2015, Chief Dale Stalder of the Laramie Police Department prepared a letter requesting FBI assistance in locating and apprehending Mandy Stephens. A copy of this letter is attached as Exhibit 3 and made a part of this affidavit.

27. I know these facts because of information provided to me by Detective Leibovitz and other law enforcement officers and analysts, as well as my own investigation. I believe Mandy Stephens has fled the State of Wyoming for the purpose of avoiding apprehension and prosecution. Therefore, I believe probable cause exists for a warrant to be issued for the arrest of Mandy Stephens, charging her with a violation of title 18, United States Code, Section 1073, Unlawful Flight to Avoid Prosecution.

I swear that this information is true to the best of knowledge and belief.

**END OF AFFIDAVIT**



# ALBANY COUNTY SHERIFF
### 525 GRAND AVE ROOM 101 · LARAMIE, WYOMING 82070
### (307) 755 - 3520 · FAX (307) 721-2500

**DAVID S. O'MALLEY**
SHERIFF
DOMALLEY@CO.ALBANY.WY.US

**ROBERT J. DEBREE**
UNDER SHERIFF
RDEBREE@CO.ALBANY.WY.US

November 24, 2015, 2015

Federal Bureau of Investigation
1109 Airport Parkway
Cheyenne, Wyoming 82001

The Albany County Sheriff's Office currently holds warrants for Mandy Stevens, pertaining to the felony charges of *Conspiracy, and Accessory Before the Fact, to Commit Theft*.

These charges stem from an investigation conducted by the Laramie Police Department, as further described in the attached letter from Laramie Police Chief, Dale Stalder.

Please be advised that I concur with Chief Stalder's request, that the Federal Bureau of Investigation assist by issuing an *Unlawful Flight to Avoid Prosecution* warrant, and further state that we will extradite these defendants from any location in the United States.

Thank you for your consideration of this request. If we may be able to provide any additional assistance to accomplish same, do not hesitate to contact me.

Sincerely,

*David S. O'Malley*

David S. O'Malley
Albany County Sheriff


xc: John Lynch – Federal Bureau of Investigation
      Dale Stalder – Laramie Police Chief
      Albany County Attorney's Office



GOVERNMENT EXHIBIT 1



# SECOND JUDICIAL CIRCUIT COURT
## COUNTY OF ALBANY, STATE OF WYOMING

| | |
|---|---|
| THE STATE OF WYOMING, ) | Docket # CR – 2015 - 289 |
| Plaintiff, ) | |
| -vs- ) | |
| MANDY STEVENS, ) | |
| a/k/a: AMANDA STEVENS, ) | |
| BRANDY STEVENS, ) | |
| Defendant. ) | |

### ARREST WARRANT

TO ANY PEACE OFFICER IN THE STATE OF WYOMING:

WHEREAS, Detective Matthew Leibovitz of the Laramie Police Department, has complained to me that:

MANDY STEVENS, committed one felony count of the offense of *conspiracy to commit theft*, in violation of Wyoming Statute §6-1-303(a) and Wyoming Statute § 6-3-402(a), punishable pursuant to Wyoming Statute § 6-3-402(c)(i), and one felony count of the offense of *accessory before the fact to felony theft*, in violation of Wyoming Statutes § 6-1-201(a) and § 6-3-401(a), punishable pursuant to the provisions of Wyoming Statutes § 6-1-201(b) and § 6-3-402(c)(i), and against the peace and the dignity of the State of Wyoming.

YOU ARE THEREFORE COMMANDED forthwith to arrest the above Defendant, and bring her before this Court to answer the Information filed herein.

BOND is set at $10,000⁰⁰ cash in this matter.

DATED this 23 day of Nov., 2015.

Robert Castor
Circuit Court Judge

### RETURN OF SERVICE

STATE OF WYOMING )
) ss.
COUNTY OF ALBANY )

STATE OF WYOMING
COUNTY OF ALBANY
Certified To Be A Full, True and Correct Copy
_____
Circuit Court Clerk
Dated 23 Day of NOV 2015

I, David S. O'Malley, Sheriff in for the County and State aforesaid, do hereby certify that I received the within Warrant together with a copy of the Information filed in the above matter on the _____ day of _____ 2015, at _____ o'clock, ____.M. and executed the same on the _____ day of _____, 2015, by arresting MANDY STEVENS the within named Defendant and have the same here now in Court.

SHERIFF:_____ BY:_____

**GOVERNMENT EXHIBIT 2**



**CITY OF LARAMIE**
POLICE DEPARTMENT
620 Plaza Court
Laramie, Wyoming 82070

24-Hour Dispatch (307) 721-2526
Administration (307) 721-3547
FAX (307) 721-3590

November 23, 2015

Federal Bureau of Investigation
1109 Airport Parkway
Cheyenne, Wyoming 82001

    The Laramie Police Department is requesting assistance from the Federal Bureau of Investigation; Cheyenne, Wyoming Office; with the issuance of an *"Unlawful Flight to Avoid Prosecution"* warrant for Mandy STEVENS DOB: 06/07/1985.

    Mandy Stevens is one of six suspects in reference to a Theft that occurred at the Peking Restaurant located at 1665 N. 3rd Street, Laramie, Albany County, Wyoming on February, 18 2015.

    During the course of a joint Laramie Police Department and FBI investigation; it is believed that the same group has been involved in multiple incidents similar to the incident in Laramie, Wyoming with the same Modus Operandi in multiple jurisdictions and States. This has been developed through multiple incident reports nationwide to include video surveillance and additional intelligence. Part of the Modus Operandi is that the suspects leave the area of these Theft(s) immediately and are believed to leave the State in an attempt to avoid apprehension and remain elusive; this includes Wyoming. This has been confirmed through geolocation analysis based off phone tolls received through a Search Warrant conducted on a co-conspirator's cell phone records. This has also been confirmed through interviews with a co-conspirator.

    On November 20, 2015 a Felony Warrant for *"Conspiracy"* and *"Accessory before the fact; Theft"* was issued for Mandy Stevens by the Second Judicial Circuit Court, County of Albany, State of Wyoming.

    Your assistance in this matter is greatly appreciated.

Respectfully;

*[signature]*
Dale Stalder, Chief of Police
Laramie Police Department

GOVERNMENT EXHIBIT 3

## PENALTY SUMMARY

| | |
|---|---|
| **DEFENDANT NAME:** | MANDY STEVENS, aka AMANDA STEVENS, aka BRANDY STEVENS |
| **DATE:** | December 16, 2015 |
| **INTERPRETER NEEDED:** | No |
| **PLACE OF TRIAL:** | The government, pursuant to Rule 18, F.R.Cr.P., with due regard for the convenience of the Defendant, any victim and witnesses, and the prompt administration of justice, requests trial be held in:<br><br>**Cheyenne** |
| **VICTIM(S):** | Yes |
| **OFFENSE/PENALTIES:** | **18 U.S.C. § 1073**<br>(Unlawful Flight to Avoid Prosecution)<br><br>NMT 5 Years Imprisonment<br>$250,000 Fine<br>3 Years Supervised Release<br>$100 Special Assessment |
| **AGENT:** | John Lynch, FBI |
| **AUSA:** | Stuart S. Healy III, Assistant United States Attorney |
| **ESTIMATED TIME OF TRIAL:** | More than 5 days |
| **WILL THE GOVERNMENT SEEK DETENTION IN THIS CASE:** | Yes |
| **ARE THERE DETAINERS FROM OTHER JURISDICTIONS:** | No |